UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

BUNGE NORTH AMERICA, INC.          CIVIL ACTION 3-05-0299

VERSUS                             U.S. DISTRICT JUDGE ROBERT G. JAMES

RICKY C. LEE                       U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment by plaintiff, Bunge North America, Inc., (Bunge), Doc. # 14, referred to me by the district judge for Report and Recommendation.

Bunge seeks the return of payments it alleges were fraudulently made to a company, R&D Farms (R&D) controlled by defendant Lee, which payments were authorized by Lee when he served as plaintiff's elevator manager at its Richland, Louisiana grain storage facility. In support of the motion, plaintiff has attached the affidavit of Douglas McNeely, Bunge's district manager, scale tickets, checks and discovery responses all of which prove that Lee issued checks to R&D for non-existent grain delivered to Bunge totaling some $107,632.83. The checks were issued pursuant to false scale tickets.

Defendant, Lee, has attempted to oppose the motion for summary judgment by filing his own affidavit disputing the facts asserted by plaintiff, Bunge. However, in discovery, Lee refused to provide discovery and asserted his right to invoke the fifth amendment in refusing to answer questions concerning the transactions. Therefore, on motion of plaintiff, Lee's affidavit was

1

stricken by the district judge. See doc. # 22.

## Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried. Since plaintiff has not attempted to controvert any of the specific facts stated in the defendant's statement of undisputed facts, those facts will be deemed admitted for purposes of this motion.

A party seeking summary judgment always bears the initial burden of informing the court of

the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the non-movant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

Analysis

In this case, defendant, Lee, has not come forward with any evidence controverting the proof offered by plaintiff. Lee's affidavit has been stricken and no other documents were presented to the court. Lee has failed to carry his burden of showing there is a genuine issue of material fact for trial.

Further, although he does not argue the point, plaintiff's counsel has pointed out that defendant's assertion of his Fifth Amendment rights does not entitle him to relief pending disposition of the criminal charges pending against Lee. See United States v. Kordel, 90 S. Ct. 763 (1970) and Gordon v. FDIC, 138 U.S. App. D. C. 308 (D. C. Cir. 1970).

I find that there is no genuine issue of material fact and that plaintiff is entitled to judgment as a matter of law.

Conclusion

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be GRANTED and judgment be entered against defendant in the amount of $107,632.83 together with applicable legal interest, attorney's fees and costs. A proposed judgment shall be submitted by plaintiff's attorney to the district judge within ten days, together with proof of entitlement to attorney fees and the amount thereof.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or

response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the first day of February, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE