UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

BUNGE NORTH AMERICA, INC.        CIVIL ACTION 3-05-0299


VERSUS                           U.S. DISTRICT JUDGE ROBERT G. JAMES


RICKY C. LEE                     U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a motion for attorney fees and judicial interest filed by plaintiff, Bunge

North America, Inc., (Bunge), Doc. # 28, referred to me by the district judge for Report and

Recommendation.

Bunge sought the return of payments that were fraudulently made to a company, R&D

Farms (R&D) controlled by defendant Lee, which payments were authorized by Lee when he

served as plaintiff's elevator manager at its Richland, Louisiana grain storage facility.  Lee issued

checks to R&D for non-existent grain delivered to Bunge totaling some $107,632.83. The checks

were issued pursuant to false scale tickets. Following Report and Recommendation, Doc. #26,

the district judge signed a judgment on March 2, 2006, Doc. #27.

Analysis

Plaintiff correctly points out in brief that this court has effectively rescinded the sales of

non-existent grain made by Lee to Bunge. Therefore, under Louisiana law, CC Art. 1958,

because the rescission was on account of fraud, attorney fees and costs may be awarded. Counsel

1

has, by affidavit, shown that the total attorney fees and costs expended in this matter are $24,466.27. That sum should be awarded to plaintiff.

In addition, prejudgment interest is awardable from the dates of the fraudulent acts. Trans-Global Alloy Limited et al v. First National Bank of Jefferson Parish, 583 So.2d 443 (La. 1991). Interest after judgment should be awarded in accordance with 28 U.S.C. 1961. Further, interest should be awarded on the principal sums due and on the attorney fees and costs awarded. Alexander v. Burroughs, 359 So.2d 607 (La. 1978).

## Conclusion

For the foregoing reasons, plaintiff's motion for attorney fees, costs and pre and post judgment interest on the principal sum and on the attorney fees and costs should be ordered paid by the defendant. IT IS RECOMMENDED THAT the form of judgment submitted by plaintiff be executed by the district judge (see Doc. #28).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

**WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the twenty eighth day of March, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE